**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER WIDENER LARSEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-01155** |
| | ) | **Judge Trauger** |
| **WELLNESS PATH MEDICAL, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM AND ORDER**

This action was opened on November 1, 2023, when Jennifer Widener Larsen, an inmate of the Weld County Jail in Greeley, Colorado, filed a pro se pleading purporting to be a habeas corpus petition under 28 U.S.C. § 2241 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Larsen has since filed an "Emergency Motion to Multidistrict Transfer from SCOTUS Seven Traffic Infractions and Vacate" her detention in the Weld County Jail (Doc. No. 5), as well as a motion "to revise/amend" the emergency motion (Doc. No. 7), whereby she seeks to be moved "to non jail protective custody stat!" because of the conditions of her confinement, which allegedly include "toxic levels [of] black mold," "medical malpractice," unavailable medications, and assault by a jail guard. (Doc. No. 5 at 3–4.) Although her filings are difficult to understand, it appears that Larsen is attempting to challenge her detention on charges out of Larimer County, Colorado (*see* Doc. No. 1 at 2), via an action she believes is properly filed in this district because the Weld County Jail's medical provider is "Wellness Path Medical" (referred to on a civil cover sheet as "WellPath Medical Corporation"), a Tennessee corporation. (*See id.* at 7; Doc. No. 5 at 1–2.)

Wellpath Medical, Inc. ("Wellpath") is in fact headquartered in Nashville,[1] within this judicial district. But even if this action were construed as an attempt to challenge unlawful conditions of Larsen's confinement attributable to Wellpath, rather than the legality of the confinement itself, venue in this judicial district would not be proper. Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," *id.*, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Here, Larsen names three "defendants": Wellpath, WCSO Sheriff Steve Reams, and LCSO Sheriff Heyer. (Doc. No. 1 at 9.) Wellpath is a Tennessee corporation. Steve Reams is the Sheriff of Weld County, Colorado, where Larsen is confined.[2] "LCSO Sheriff Heyer" is likely a mistaken reference to John Feyen, the Sheriff of Larimer County, Colorado, where Larsen is apparently being prosecuted.[3] These three do not all reside in the same state. The events or omissions giving rise to Larsen's conditions-of-confinement claims occurred or are occurring in Colorado, which

---

[1] *See* https://wellpathcare.com/contact/ (last visited Nov. 11, 2023).

[2] *See* https://www.weldsheriff.com/Divisions/Administration/Command-Staff (last visited Nov. 11, 2023).

[3] *See* https://www.larimer.gov/sheriff (last visited Nov. 11, 2023).

"constitutes one judicial district." 28 U.S.C. § 85. And there does not appear to be any reason why Larsen could not have brought this action in the District of Colorado, which is also the appropriate venue for this case if it is what it purports to be—a challenge to the legality of Larsen's confinement under § 2241—because such an action is only properly filed in the federal district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443– (2004) (upholding "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

For these reasons, the court finds that this action, including Larsen's "emergency motion," is not properly adjudicated in the Middle District of Tennessee. The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the District of Colorado. Further proceedings related to the filing fee and Larsen's pending motions will be taken up in the receiving court.

It is so **ORDERED**.

                                            Aleta A. Trauger
                                            United States District Judge